878 F.2d 379
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Nancy NICKELL, James A. Welu, Jerry Deitch, Harry Rinker,
William Lane, Fancy Theise, Kasina Kaat, Ralph Magee, Moira
Magee, Lawrence Gibbons, Andrea Gibbons, Joseph Patrao, Ruth
Borm, Herman Borm, Shirley Jones, Floyd O. Jones, Jr., Karen
Jones, Alex Kontas, John Choporis, Elizabeth Ann Fitchijian,
Margaret Von Hake, Delores B. Arias, Minnie Whalley,
Plaintiffs-Appellants
Sue K. WHEATON, Philip Wheaton, Jacqueline Wallen, Barbara
Whitney, Stephen Whitney, Jan Walker, Michelle M.
D'Epagnier, Patrick J. McMahon, Mary Joyce Carlson,
Catherine Moses, Sally T. Margolis, Michael McElroy, Alison
Baker, Intervenors,
v.
MONTGOMERY COUNTY, MARYLAND, Defendant-Appellee.
Nancy NICKELL, James A. Welu, Jerry Deitch, Harry Rinker,
William Lane, Fancy Theise, Kasina Kaat, Ralph Magee, Moira
Magee, Lawrence Gibbons, Andrea Gibbons, Joseph Patrao, Ruth
Borm, Herman Borm, Shirley Jones, Floyd O. Jones, Jr., Karen
Jones, Alex Kontas, John Choporis, Elizabeth Ann Fitchijian,
Margaret Von Hake, Delores B. Arias, Minnie Whalley, Enoh I.
Enoh, Garland Terry Wilson, Clem J. Roski, Plaintiffs-Appellants,
Sue K. WHEATON, Philip Wheaton, Jacqueline Wallen, Barbara
Whitney, Stephen Whitney, Jan Walker, Michelle M.
D'Epagnier, Patrick J. McMahon, Mary Joyce Carlson,
Catherine Moses, Sally T. Margolis, Alison Baker, Intervenors,
v.
MONTGOMERY COUNTY, MARYLAND, Defendant-Appellee.
 No. 88-1119.
 United States Court of Appeals, Fourth Circuit.
 Argued May 8, 1989.
Decided June 20, 1989.
Rehearing and Rehearing In Banc Denied July 24, 1989.
 
 D.Md.
 AFFIRMED.
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Frank A. Kaufman, Senior District Judge. (CA-88-824-K).
 Thomas Andrew Culbert (Theresa W. Hajost, Stephen F. Brock, Drinker, Biddle & Reath on brief), Maureen Anne Thompson (Phillip R. Kete, Gaffney, Schember & Kete, P.C. on brief) for appellants.
 David Eugene Stevenson, Assistant County Attorney (Clyde H. Sorrell, County Attorney on brief) for appellee.
 Before K.K. HALL and WILKINS, Circuit Judges, and FRANKLIN T. DUPREE, Jr., Senior United States District Judge for the Eastern District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 Appellants, who are landlords and tenants in Takoma Park, Maryland, appeal from a district court judgment finding a Montgomery County, Maryland zoning ordinance constitutional. We affirm.
 
 I.
 
 2
 In 1928 most of the residential areas in Takoma Park were zoned for single-family dwellings. To accommodate a housing shortage which occurred during and after World War II, Takoma Park and Montgomery County condoned the conversion of houses located in single-family zones into apartments as "noncomplying use" of the buildings. After the zoning ordinances were comprehensively revised in 1954, more noncomplying structures were either built or converted. In 1978 the County enacted another zoning ordinance with the intent to enforce the earlier ordinances and to phase out noncomplying uses with stronger enforcement mechanisms. This ordinance made immediately unlawful the noncomplying structures built or converted after 1954, but provided a ten-year grace period for the pre-1954 dwellings, thereby allowing those landlords to recoup their investments and plan for conversion of the properties to single-family use. Later amendments have provided exceptions for certain "accessory apartments" in owner-occupied houses, and for structures originally built as multi-family dwellings prior to 1954.
 
 
 3
 Appellant landlords own single-family houses built between 1928 and 1954 that were converted prior to 1954. Appellant tenants live in apartments they assert will have to be vacated when the 1978 law is enforced. At the time of the expiration of the ten-year grace period provided in the 1978 law Appellants brought this declaratory judgment action, claiming that prohibiting these converted multi-family dwellings in areas zoned for single-family occupancy violated the federal and state constitutions and various federal statutory provisions. The district court granted summary judgment to the County on both the federal constitutional and statutory claims and dismissed the pendent state claims.
 
 
 4
 On appeal Appellants argue that enforcement of the zoning law will violate both the landlords' and tenants' rights under the Fair Housing Act, 42 U.S.C.A. Secs. 3601, et seq. (West 1977 & Supp.1989), and the equal protection clause. Appellant landlords also assert that enforcement will amount to a taking without just compensation.
 
 II.
 
 5
 Both parties agree that the rental population in Montgomery County is approximately 60% white and 40% minority, and that the homeowner population is approximately 82.5% white and 17.5% minority. The district court found that the relevant population for determination of disparate racial impact is the affected rental population, and held that since approximately 60% of the affected renters would be white,[1] no disparate impact was shown. The landlords and tenants argue, however, that the minority tenants which comprise 40% of the rental population will probably be replaced by 17.5% minority owners, resulting in a diminution of racial integration in Takoma Park.
 
 
 6
 The district court correctly found that the relevant population for determining whether this zoning ordinance causes a disparate impact on minorities is the affected renters. This court has ruled that in defining the relevant population to determine if individuals have been discriminated against as "individuals " the proper question is "whether the policy in question had a disproportionate impact on the minorities in the total group to which the policy was applied." Betsey v. Turtle Creek Assocs., 736 F.2d 983, 987 (4th Cir.1984). Since homeowners are in a significantly different position than renters, the district court properly limited the field of examination for disparate impact analysis to the affected renting households. The district court found that since 60% of the affected renters are white, no genuine issue of material fact as to a disparate impact of the zoning law has been shown. The grant of summary judgment on the Fair Housing Act claim was proper.
 
 III.
 
 7
 The zoning ordinance has the obvious effects of lowering the density of the population of Takoma Park and encouraging habitation by homeowners. Creating a "quiet place where yards are wide, people few, and motor vehicles restricted are legitimate guidelines in a land-use project addressed to family needs." Village of Belle Terre v. Boraas, 416 U.S. 1, 9 (1974). See Agins v. City of Tiburon, 447 U.S. 255, 261-62 & n. 8 (1980). Moreover, the 1978 zoning regulation was enacted merely to reinforce the 1928 and 1954 laws, and did not make any uses of appellant landlords' property unlawful that were not prohibited by the earlier zoning laws. To the extent the County passed the 1978 law to enforce the earlier regulations, the propriety of which Appellants do not challenge, this too was a rational basis for its enactment. See Rogin v. Bensalem Township, 616 F.2d 680 (3d Cir.1980), cert. denied, 450 U.S. 1029 (1981). Since there was a rational basis for enacting the 1978 zoning ordinance, the district court properly granted summary judgment to the County on the equal protection claim.
 
 IV.
 
 8
 A zoning regulation may effect an unconstitutional taking if it "does not substantially advance legitimate state interests, or denies an owner economically viable use of his land." Agins, 447 U.S. at 260 (citation omitted). Just as the 1978 law advanced legitimate state interests, so the law also preserves an economically viable use of the land.
 
 
 9
 Appellant landlords own 29 buildings, and the current value of these buildings, with 27 of the 29 assessed as single-family residences, is $3.5 million.[2] While the 1978 law does prohibit the use of the buildings as multi-family rental units, it does not require the landlords to expend the necessary funds to reconvert their houses into one-dwelling structures. Appellants have presented no evidence regarding the value of these buildings prior to the enactment of the 1978 ordinance, nor what the value of these buildings might be today had the 1978 ordinance not been enacted. Since Appellants failed to raise a genuine issue of material fact on their takings claim, the district court properly granted summary judgment to the County.
 
 
 10
 In addition, an unconstitutional taking does not occur if a reasonable grace period, which amounts to reasonable compensation, is provided. Major Media of the Southeast, Inc. v. City of Raleigh, 792 F.2d 1269, 1273-74 (4th Cir.1986), cert. denied, 479 U.S. 1102 (1987). In Major Media this court held that a 5 1/2 year amortization period was of sufficient length to allow recoupment of the investment on outlawed billboard signs which, presumably, would have little residual value. Here, the houses have very significant value as single-family dwellings. Therefore the district court properly held, in the alternative, that the ten-year grace period was reasonable compensation for future lost rental income to those owners of the affected properties at the time the 1978 zoning ordinance was enacted.
 
 
 11
 AFFIRMED.
 
 
 
 [1]
 There is no evidence presented that the racial composition of the rental population of the affected units differs from the overall rental population of the County
 
 
 [2]
 The County points out that approximately half "of the current owners of properties whose multi-family uses became illegal upon the expiration of the grace period purchased their properties following the enactment of [the 1978 ordinance] and with knowledge of its terms." At oral argument counsel for Appellants conceded that some of the appellant landlords are in this category. Thus, for these owners, the consideration paid for the buildings included the value of the limited lifetime of the multi-family rental use, plus the residual value as a single-family dwelling. These owners have no valid claim for an unconstitutional taking